UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARRY ZARYCKY, and
NATALIA ZARYCKY, as
Husband and Wife,                          Case No.: 2:22-cv-10390

        Plaintiffs,                 Hon.
vs.                                        Mag.

COSTCO WHOLESALE CORPORATION,
a foreign profit corporation,

        Defendant.

_____/

| COMPLAINT & |
| DEMAND FOR JURY TRIAL |

JEFFREY T. MEYERS (P34348)
JACOB A. DERRICK (P84487)
MEYERS LAW, PLLC
Attorneys for Plaintiffs
3200 Greenfield, Suite 260
Dearborn, MI 48120
(313) 961-0130 Fax: 8178
jmeyers@jeffmeyerslaw.com
jderrick@jeffmeyerslaw.com
_____/

*There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.*

/s/ Jacob A. Derrick_____
    Jacob A. Derrick (P84487)

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COME Plaintiffs, HARRY ZARYCKY and NATALIA ZARYCKY, as Husband and Wife, by and through their attorneys, MEYERS LAW, PLLC, and state as their cause of action and Complaint against the above-named Defendant the following:

## PARTIES AND JURISDICTION

1.      The acts and occurrences that form the basis of this Complaint occurred in the County of Macomb, State of Michigan.

2.      At all times pertinent to this Complaint, Plaintiff, Harry Zarycky, was a resident of the County of Macomb, State of Michigan.

3.      At all times pertinent to this Complaint, Plaintiff, Natalia Zarycky, was a resident of the County of Macomb, State of Michigan.

4.      Defendant Costco Wholesale Corporation, is a Washington corporation with its principal place of business in Washington, doing business in the State of Michigan.

5.      Upon information and belief, Defendant Costco Wholesale Corporation was the owner and operator of the premises located at 27118 Gratiot Avenue, in Roseville, Michigan, and exercised exclusive dominion and control over the premises, including its gas station and all appurtenances.

6.    The amount in controversy exceeds SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS, exclusive of interest, costs, and attorney fees.

7.    Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

## FACTUAL ALLEGATIONS

Plaintiffs hereby restate, reallege, and incorporate by reference each and every paragraph set forth above, as though fully set forth herein, and further state in the alternative, the following:

8.    In October of 2021, Mr. Zarycky was employed as a truck driver for Brenner Transport, and was responsible for the delivery of fuel to the customers of Brenner Transport.

9.    On or about the morning of October 9, 2021, Mr. Zarycky picked up his fuel tractor-tanker rig which was to be used to complete his assigned fuel deliveries.

10.    Upon information and belief, on October 9, 2021, Mr. Zarycky completed two fuel deliveries before arriving at Defendant Costco Wholesale Corporation's (hereinafter "Costco") gas station (hereinafter "the gas station") located at 27118 Gratiot Avenue, in Roseville, Michigan.

11.     Upon information and belief, Costco stores fuel in underground tanks located beneath the gas station.

12.     Upon information and belief, the underground fuel storage tanks are accessed by removing a cap or lid to allow the tanks to be filled with fuel.

13.     Upon information and belief, a monitoring well was located near the underground storage tanks to monitor for signs of leakage and/or contamination.

14.     Upon information and belief, a monitoring well is typically covered by a recessed monitoring well cap and a monitoring well manhole cover located over the cap.

15.     Upon information and belief, Costco generally places opaque rubber mats over the caps to their fuel storage tank fill ports and monitoring wells.

16.     On or about October 9, 2021, at approximately 3:30 p.m., Mr. Zarycky arrived at the gas station with a load of fuel.

17.     Upon information and belief, on or about October 9, 2021, when Mr. Zarycky arrived at the gas station, opaque rubber mats were covering the underground storage tank fill ports and monitoring wells.

18.    After arriving at the gas station, Mr. Zarycky parked his rig and exited the vehicle to begin the process of unloading fuel from the tanker into the underground storage tanks.

19.    Mr. Zarycky stepped onto an opaque mat (hereinafter "the opaque mat") covering a monitoring well (hereinafter "the monitoring well") but there was no manhole cover underneath the mat to cover the monitoring well.

20.    Mr. Zarycky fell into the hole of the monitoring well resulting in severe injury.

## COUNT I
## PREMISES LIABILITY

Plaintiffs hereby restate, reallege, and incorporate by reference each and every paragraph set forth above, as though fully set forth herein, and further state in the alternative, the following:

21.    At all times pertinent to this Complaint, Plaintiff was at the Costco for a commercial purpose.

22.    At all times pertinent to this Complaint, Plaintiff was an invitee.

23.    Defendant knew or should have known that there was no manhole cover underneath the opaque mat covering the monitoring well.

24.    Defendant knew or should have known that the opaque mat concealed the hazard presented by the uncovered hole in their gas station parking lot and presented a hazard for invitees, including Plaintiff.

25.    Defendant owed a duty to invitees, including Plaintiff, to maintain the premises in reasonably safe condition, to warn of dangers of which Defendant knew or should have known, and to inspect the premises to discover possible dangerous conditions including hazards presented by an uncovered hole in their parking lot concealed by the placement of the opaque mat.

26.    Notwithstanding said obligations and in violation thereof, Defendant breached its duty to Plaintiff in the manner set forth below:

> a.    Failing to warn of the hazard;
>
> b.    Failing to take actions to replace the manhole cover over the monitoring well;
>
> c.    Concealing the hazard presented by the monitoring well by placing an opaque mat over the monitoring well.
>
> d.    Other acts and/or omissions to be determined during discovery.

27.    As a direct and proximate result of the aforementioned breaches of Defendant's duty, Plaintiff suffered the following injuries and damages:

> a.    Torn left rotator cuff requiring surgery;

6

b.      Rehabilitation and/or physical therapy;

c.      Pain and suffering, past, present, and future;

d.      Emotional distress and anxiety, past, present, and future;

e.      Embarrassment and humiliation, past, present, and future;

f.      Fright and shock, past, present, and future;

g.      Disability and disfigurement, past, present, and future;

h.      Medical expenses, past, present, and future;

i.      Loss of wages and earning capacity, past, present, and future;

j.      Replacement services, past, present, and future;

k.      Other injuries and damages to be determined throughout the course of discovery.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against the Defendant in any amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS, together with interest, costs and attorney fees, to which the Plaintiffs are deemed to be entitled.

## COUNT II
## LOSS OF CONSORTIUM

Plaintiffs hereby restate, reallege, and incorporate by reference each and every paragraph set forth above, as though fully set forth herein, and further state in the alternative, the following:

28.    At all times pertinent to this Complaint, Natalia Zarycky was the lawfully wedded wife of Harry Zarycky.

29.    As a direct and proximate result of Defendant's aforementioned negligence, Ms. Zarycky has suffered and will continue to suffer loss of consortium, including a loss of her husband's society, companionship and household services.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against the Defendant in any amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS, together with interest, costs and attorney fees, to which the Plaintiffs are deemed to be entitled.

Respectfully submitted,

MEYERS LAW, PLLC

BY:  _/s/ Jacob A. Derrick_____
JEFFREY T. MEYERS (P34348)
JACOB A. DERRICK (P84487)
Attorneys for Plaintiffs
3200 Greenfield, Suite 260
Dearborn, MI  48120-1802
(313) 961-0130 Fax: 8178

DATED:    February 22, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARRY ZARYCKY, and
NATALIA ZARYCKY, as
Husband and Wife,                                Case No.

      Plaintiffs,                              Hon.
vs.                                              Mag.

COSTCO WHOLESALE CORPORATION,
a foreign profit corporation,

      Defendant.                          | **DEMAND FOR JURY TRIAL** |
_____/

JEFFREY T. MEYERS (P34348)
JACOB A. DERRICK (P84487)
MEYERS LAW, PLLC
Attorneys for Plaintiffs
3200 Greenfield, Suite 260
Dearborn, MI 48120
(313) 961-0130 Fax: 8178
jmeyers@jeffmeyerslaw.com
jderrick@jeffmeyerslaw.com
_____/

## <u>DEMAND FOR JURY TRIAL</u>

NOW COME Plaintiffs, HARRY ZARYCKY and NATALIA ZARYCKY, as Husband and Wife, by and through their attorneys, MEYERS LAW, PLLC, and hereby demand a jury trial in the above cause of action.

Respectfully submitted,

MEYERS LAW, PLLC

BY:   /s/ Jacob A. Derrick_____
        JEFFREY T. MEYERS (P34348)
        JACOB A. DERRICK (P84487)
        Attorneys for Plaintiffs
        3200 Greenfield, Suite 260
        Dearborn, MI  48120-1802
        (313) 961-0130 Fax: 8178

DATED:     February 22, 2022