UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARRY ZARYCKY and
NATALIA ZARYCKY, as
Husband and Wife,

     Plaintiffs,

v.                                  Civil Case No. 22-10390
                                     Honorable Linda V. Parker

COSTCO WHOLESALE CORP.,

     Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 27)

This is a diversity action arising out of premises liability claims involving injuries sustained at a gas station in Roseville, Michigan.  Plaintiffs, Harry Zarycky and Natalia Zarycky—husband and wife—brought this action against Defendant, Costco Wholesale Corporation ("Costco"), alleging the following: premises liability (Count I) and loss of consortium (Count II).  (ECF No. 1.)  The matter is presently before the Court on Defendant's Motion for Summary Judgment.  (ECF No. 27.)  The motion is fully briefed.  (ECF Nos. 30, 32.)  Finding the facts and legal arguments sufficiently presented by the parties, the Court is dispensing with oral argument with respect to the parties' motions pursuant to Eastern District of

Michigan Local Rule 7.1(f).  For the reasons that follow, the Court denies Costco's

motion.

## STATEMENT OF FACTS

In October of 2021, Plaintiff Harry Zarycky ("Plaintiff") was employed as a

truck driver for Brenner Oil and was responsible for delivering fuel to his

employer's customers.  On the morning of October 9, 2021, Plaintiff picked up his

fuel tractor-tanker and completed two fuel deliveries before arriving at Costco's

gas station located at 27118 Gratiot Avenue, in Roseville Michigan ("the gas

station").  While in route to the gas station, Plaintiff had a phone conversation with

his co-worker, Ryan Breslin, who notified Plaintiff that he broke a fuel storage

tank lid at the gas station.  Fuel storage tanks are accessed by removing a cap or lid

to allow the tanks to be filled with fuel.  A monitoring well, which monitors for

signs of leakage and contamination, was located near the underground storage

tanks.  Monitoring wells are "typically" covered by a well cap and a manhole cover

placed over the cap.  (ECF No. 1 ¶ 14, Pg ID 4.)  According to Plaintiff,  "Costco

generally places opaque rubber mats over the caps to their fuel storage tank fill

ports and monitoring wells."  (*Id.* ¶ 15.).

Upon arriving at the gas station, opaque black rubber mats were covering the

underground storage tank fill ports and monitoring wells.  Plaintiff waited in the

driver's seat of the tractor-trailer until traffic cleared to enter the lane at the station.

While waiting, Costco employee, DaMontez White, approached the vehicle and spoke with Plaintiff.[1]  As Plaintiff began to drive the truck into the gas station lane, White and his co-worker, Daniel Klein, "began moving several pylons, including the pylons that had been surrounding an opaque rain mat that covered the open hole where a manhole cover or lid was missing."  (ECF No. 30 at Pg ID 310.)  Plaintiff parked his truck, exited the vehicle and began to prepare to unload the fuel from the tanker into the underground storage tanks.  At some point, Plaintiff stepped onto one of the mats that did not have a manhole cover underneath to cover the monitoring well.  Plaintiff fell into the hole and sustained severe injuries, which required surgery and physical therapy.

## LEGAL STANDARD

Summary judgment pursuant to Rule 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The central inquiry when evaluating a summary judgment motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*,

---

[1] Although the parties dispute the nature of the conversation between Plaintiff and White, namely whether White provided Plaintiff with the specific location of the missing lid, Plaintiff does not deny speaking with White before arriving at gas station to deliver the fuel.

477 U.S. 242, 251–52 (1986).  After adequate time for discovery and upon motion,

Rule 56 mandates summary judgment against a party who fails to establish the

existence of an element essential to that party's case and on which that party bears

the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the initial burden of showing "the absence of a genuine

issue of material fact."  *Id*. at 323.  Once the movant meets this burden, the

"nonmoving party must come forward with specific facts showing that there is a

genuine issue for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 587 (1986) (internal quotation marks and citation omitted).  To

demonstrate a genuine issue, the nonmoving party must present sufficient evidence

upon which a jury could reasonably find for that party; a "scintilla of evidence" is

insufficient.  *See Liberty Lobby*, 477 U.S. at 252.  The court must accept as true the

non-movant's evidence and draw "all justifiable inferences" in the non-movant's

favor.  *Id.* at 255.

## ANALYSIS

Plaintiff brings this action pursuant to Michigan's premises liability laws.

To succeed in a premises liability claim under Michigan law, a plaintiff must show

that the defendant breached a duty to the plaintiff and that the breach was the

proximate cause of the plaintiff's damages.  *See Lowrey v. LMPS & LMPJ, Inc.*,

890 N.W.2d 344, 348 (Mich. 2016).  In Michigan, "an invitee is entitled to the

4

highest level of protection under premises liability law." *Stitt v. Holland Abundant Life Fellowship*, 614 N.W.2d 88, 92 (Mich. 2000).  Under this heightened level of protection, landowners owe a duty "to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land." *Bertrand v. Alan Ford, Inc.*, 537 N.W.2d 185, 186 (Mich. 1995) (citing Restatement (Second) of Torts § 343 (1965)).  "A premises owner breaches its duty of care when it 'knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect.' " *Lowrey*, 890 N.W.2d at 348 (quoting *Hoffner v. Lanctoe*, 821 N.W.2d 88, 94 (Mich. 2012).  Although "the question whether the defendant owes an actionable legal duty to the plaintiff is one of law which the court decides[,]" *In re Certified Question from Fourteenth Dist. Ct. App. of Tex.*, 740 N.W.2d 206, 210 (Mich. 2007) (citation omitted), questions regarding a breach—"whether defendants' conduct in the particular case is below the general standard of care"—are a question of fact for the jury.  *See Rowland v. Indep. Vill. of Oxford, LLC*, 974 N.W.2d 228, 229 (Mich. 2022).

In its motion, Costco moves for summary judgment arguing that Plaintiffs' lawsuit is barred under Michigan's premises liability laws because the condition was either known or "open and obvious."  Specifically, Costco relies on the Michigan Supreme Court's holding in *Lugo v. Ameritech Corp Inc*, to conclude

5

that under the open and obvious doctrine, a premises possessor "is not required to protect an invitee from an open and obvious danger."  (ECF No. 27 at Pg ID 182 (citing  629 N.W.2d 384, 387 (2001).)  However, a recent decision from the Michigan Supreme Court overturned its ruling in *Lugo* for two reasons: first, the court held that the *Lugo* court erred in placing the open and obvious danger doctrine and any of its exceptions under the duty prong of premises liability; and second, *Lugo* erred in "announcing the special-aspects doctrine."  *See Kandil-Elsayed v. F & E Oil, Inc.*, No. 162907, 2023 WL 4845611, at **18–19 (Mich. July 28, 2023).

Turning to the *Kandil-Elsayed* court's analysis of the open and obvious doctrine, the court first noted that by "situating the open and obvious danger doctrine and its exceptions in duty—rather than breach,"  the *Lugo* court failed to account for the "inherent tension with Michigan policy of comparative fault."  *Id.* at *18.  Specifically, the court explained that because duty is a "threshold question of law," if the court finds that there is no duty owed to the plaintiff, then the plaintiff is barred from recovery.  *Id.*  Conversely, in a comparative fault jurisdiction, if plaintiff is at fault, then the plaintiff's damages are reduced by their percentage of fault.  *Id.*

The *Kandil-Elsayed* court further explained that the test for determining whether something is open and obvious—"whether it is reasonable to expect that

6

an average person with ordinary intelligence would have discovered it upon casual inspection[,]" *id.* (quoting *Hoffner*, 821 N.W.2d at 94–95),—was created to be an "objective standard" to focus on "the objective nature of the condition of the premises[,]" and not meant for courts to "rely on the plaintiff's own negligence as a reason to find a condition was open and obvious." *Id.* The court thus determined that the open and obviousness doctrine creates two issues: (1) "it puts the judge— not the jury—in charge of deciding an issue that functionally includes an analysis of the plaintiff's negligence[;]" and (2) "because duty is a threshold requirement that must be met before a case can proceed, the plaintiff's own liability functions as an absolute bar to recovery[,]" which makes cases in Michigan more akin to cases in a contributory negligence jurisdiction, rather than one of comparative fault. *Id.* at *19.

Next, the *Kandil-Elsayed* court analyzed the "special-aspects doctrine" announced in *Lugo*. *Id.* Under *Lugo*, beyond holding that a "premises possessor is not required to protect an invitee from open and obvious dangers," the court created an exception, which provided that "if special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk." *Lugo*, 629 N.W.2d at 386. However, the *Kandil-Elsayed* court noted that the relationship between § 343 of the Restatement (Second) of Torts—which states

7

that "(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness[,]" Restatement (Second) of Torts § 343 (1965)—and the special-aspects test has been the subject of "considerable debate."  *Kandil-Elsayed*, 2023 WL 4845611, at *19.  Although the court found the special-aspects test to be intended to provide examples of scenarios when "the possessor should anticipate harm from a known or obvious danger ....," the court notes that the test does not work in practice.  *Id.*  Rather, Michigan courts focus their inquiry on "whether an open and obvious danger either (1) is effectively unavoidable, or (2) poses a substantial risk of death or severe injury.  If neither special aspect is present, the inquiry is over; the danger is open and obvious, and the land possessor owes no duty."  *Id.*  Thus, the *Kandil-Elsayed* court reaches the following conclusion:

> In sum, we conclude that *Lugo* was wrongly decided because, by concluding that the open and obvious danger doctrine and any exceptions to it are a part of the duty analysis, it runs afoul of Michigan's commitment to comparative fault. And by announcing the special-aspects test, *Lugo* created confusion as to what the exceptions to the open and obvious danger doctrine would be. While the doctrine may have been intended simply to illustrate the broader anticipation standard, it has not functioned that way in practice.

*Kandil-Elsayed*, 2023 WL 4845611, at *21.

## CONCLUSION

In light of the recent change in Michigan law abolishing the 'open and obvious doctrine' and the 'special-aspects' test regarding the duty of premises possessors in premises liability claims, Costco is not entitled to summary judgment as a matter of law.  Moreover, because this case includes instances of conflicting testimony, which is a credibility determination for the jury, and genuine issues of material fact regarding whether the warnings to Plaintiff were adequate and reasonable, the Court would have denied the motion for those reasons alone.

Accordingly,

**IT IS ORDERED**, that "Defendant's Motion for Summary Judgment" (ECF No. 27) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 25, 2023

9