UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARRY ZARYCKY and
NATALIA ZARYCKY, as
Husband and Wife,

     Plaintiffs,

v.                                 Civil Case No. 22-10390
                                        Honorable Linda V. Parker

COSTCO WHOLESALE CORP.,

     Defendant.

_____/

## OPINION AND ORDER ON PLAINTIFFS' MOTIONS IN LIMINE (ECF NOS. 35 & 36)

This is a diversity action arising out of premises liability claims involving injuries sustained at a gas station in Roseville, Michigan. Plaintiffs, Harry Zarycky and Natalia Zarycky—husband and wife—brought this action against Defendant, Costco Wholesale Corporation ("Defendant"), alleging the following: Count I – premises liability; and Count II – loss of consortium. (ECF No. 1.) The matter is presently before the Court on Plaintiffs' motions in limine. (ECF Nos. 35 & 36.) The motions are fully briefed. (ECF Nos. 35-38.)

For the reasons to be discussed, Plaintiffs' Motion in Limine to Preclude Introduction of Defendant's Insurance Medical Examination Report ("IME Report") (ECF No. 35) is granted and Plaintiffs' Motion in Limine to Preclude

Reference to Harry Zarycky's Prior Lawsuits and Claims Including Plaintiffs'

Prior Bankruptcy (ECF No. 36) is granted in part.

## I. Introduction

The Court will briefly summarize the facts pertinent to this motion in limine

as derived from the Court's prior Order on Defendant's motion for summary

judgment. *See Zarycky v. Coscto*, No. 22-10390, 2023 WL 5512225 (E.D. Mich.

Aug. 25, 2023). In October of 2021, Plaintiff Harry Zarycky ("Plaintiff") was

employed as a truck driver for Brenner Oil and was responsible for delivering fuel

to his employer's customers. *See id.* at *1. On the morning of October 9, 2021,

Plaintiff picked up his fuel tractor-tanker and completed two fuel deliveries before

arriving at Defendant's gas station. *See id.*

Upon arriving at the gas station, opaque black rubber mats were covering the

underground storage tank fill ports and monitoring wells. *See id.* A monitoring

well, which monitors for signs of leakage and contamination, was located near the

underground storage tanks. Monitoring wells are "typically" covered by a well cap

and a manhole cover placed over the cap. *See id.* Plaintiff parked his truck, exited

the vehicle and began to prepare to unload the fuel from the tanker into the

underground storage tanks. *See id.* At some point, Plaintiff stepped onto one of the

mats that did not have a manhole cover underneath to cover the monitoring well.

2

*See id.* Plaintiff fell into the hole and sustained severe injuries, which required surgery and physical therapy. *See id.*

Plaintiff had surgery on January 22, 2022. (*See* ECF No. 35-1 at 502.) On November 1, 2022, Plaintiff went for an Insurance Medical Examination (IME) conducted by Dr. Paul Drouillard. (*See id.* at PageID. 409.) That same day, Dr. Drouillard issued his IME Report which concluded that "the surgery that was done on his right shoulder on January 12, 2022, was done for a chronic degenerative process, not a traumatic injury." (*Id.* at PageID. 506.) The IME Report specifically states that "[r]egarding the event of October 9, 2021, [Plaintiff Harry Zarycky] may have had some minor contusions and strains, but I do not believe that the underlying degenerative process was altered in any medically distinguishable way." (*Id.*) According to the IME Report, Plaintiff did not answer a significant portion of Dr. Drouillard's questions. (*See id.* at 500.)

Further, during the course of discovery, Plaintiffs disclosed that they previously filed for Chapter 7 bankruptcy and Plaintiff Harry Zarycky has been involved in prior lawsuits and workers' compensation claims. Plaintiffs seeks to exclude both the IME Report and reference to their prior litigation history.

## II. Standard of Review

District courts have broad discretion over matters involving the admissibility of evidence at trial. *See United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991).

3

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "A ruling on a motion is no more than a preliminary, or advisory opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). A court may therefore alter its ruling during trial. *See Luce*, 469 U.S. at 41-42. Motions in limine may promote "evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Indiana Ins. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. "The rules regarding relevancy, however, are quite liberal." *Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir. 1998). Under the Federal Rules of Evidence, "[e]vidence is relevant . . . if it has *any* tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401 (emphasis added). The Court is not "permitted to consider the weight or sufficiency of the evidence in determining relevancy and 'even if [it] believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has even the slightest

4

probative worth.'" *Robinson*, 149 F.3d at 512 (quoting *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992)).

Relevant evidence may be excluded, however, "if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence is inadmissible if there is a danger of unfair prejudice, not mere prejudice. *See Robinson*, 149 F.3d at 514-15 (citing Fed. R. Evid. 403). "Virtually all evidence is prejudicial or it isn't material." *Id.* at 515 (quoting *Koloda v. Gen. Motors Parts Div., Gen. Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983)) (additional citation omitted).

### III. Plaintiffs' Motion to Exclude the IME Report (ECF No. 35)

Plaintiffs seek to exclude the IME Report as irrelevant, pursuant to Fed. R. Evid. 401, and inadmissible hearsay pursuant to Fed. R. Evid. 801. Plaintiffs argue that while Fed. R. Evid. 702 and 703 will permit the qualifications and testimony of Dr. Drouillard at trial, the IME Report is hearsay pursuant to Rule 801(c). *See* Fed. R. Evid. 801(c) ("Hearsay means a statement that: the declarant does not make while testifying at the current trial or hearing; and a party offers in evidence to prove the truth of the matter asserted in the statement.").

Defendant in opposition argues that this issue is premature as the parties scheduled Dr. Drouillard for a *de bene esse* deposition for January 9, 2024.

5

Defendant further argues that an exception to the rule against hearsay, pursuant to

Fed. R. Evid. 803(6), records of regularly conducted activities, or business records,

would apply to the IME Report, thereby making it admissible. Additionally,

Defendant argues that Fed. R. Evid. 807, the residual exception, should apply.

Defendant is wrong on both fronts.

   a. *FRE 803(6) – Business Records Exception*

   First, as it pertains to business records, a record can only be admitted

pursuant to the business records exception to the hearsay rule if it satisfies the

following four requirements: (1) the record must have been made in the course of

regularly conducted business activities; (2) the record must have been kept in the

regular course of business; (3) the regular practice of that business must have been

to make the record; and (4) the record must have been made by a person with

knowledge of the transaction or from information transmitted by a person with

knowledge. *See Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 588 (6th Cir.

2009).

   Courts, however, do not admit written reports setting forth expert opinions

under this exception when they are specifically prepared for litigation purposes.

*See Walsh v. Jagst*, No. 15-14701, 2017 WL 3712240, at *3 (E.D. Mich. Aug. 29,

2017) (citing *Jordan v. Binns*, 712 F.3d 1123, 1135 (7th Cir. 2013)) ("[it] is well

established . . . that documents prepared in anticipation of litigation are not

6

admissible under FRE 803(6).").  As a result, the IME Report cannot be admitted

under Rule 803(6). Further, the Court will address the parties' basis and anticipated

use of the *de bene esse* deposition at the Final Pretrial Conference.

    b. *FRE 807 – Residual Exception*

        Next, as it pertains to Rule 807's residual exception, a statement that

otherwise qualifies as hearsay is nevertheless admissible if: (i) the statement is

supported by sufficient guarantees of trustworthiness—after considering the

totality of circumstances under which it was made and evidence, if any,

corroborating the statement; and (ii) it is more probative on the point for which it is

offered than any other evidence that the proponent can obtain through reasonable

efforts. *See* Fed. R. Evid. 807(a).

        The IME Report fails with respect to this exception as it is expected that Dr.

Drouillard, the author of the IME Report, will testify at trial. (*See* ECF No. 37 at

PageID. 645 ("[T]here is no dispute between the parties as to whether Dr.

Drouillard will be testifying as to his opinions.")).  Thus, the author of the report

can testify to its contents, in lieu of the report being admitted into evidence under

the residual hearsay exception. Since the author can testify to the report's contents,

the report would not be more probative than the author's testimony.

Accordingly, neither exception articulated by Defendant, FRE 803(6) nor 807, paves a way for the admission of the IME Report. As a result, Plaintiffs' motion to exclude the IME Report is granted.

### IV. Plaintiffs' Motion in Limine to Preclude Reference to Plaintiffs' Prior Litigation (ECF No. 36)

Turning now to Plaintiff's second motion in limine, Plaintiffs seek to preclude any evidence of their bankruptcy filing and Harry Zarycky's prior personal injury lawsuits or workers' compensation claims. During the course of discovery, Plaintiffs disclosed their prior personal injury lawsuits, workers' compensation claims and bankruptcy filings.

It appears that Plaintiff Harry Zarycky has filed workers' compensation claims with the following companies: (1) Brenner Oil – the instant alleged slip and fall which is currently pending, *see* ECF No. 36-2 at PageID. 607; (2) Brenner Oil – previous lower back injury caused by a slip (but not a fall) which is also currently pending, *see id.* at PageID. 532; (3) McKinley Trucking – a left shoulder injury, *see id.* at PageID. 534-35; (4) AIG, *see id.* at PageID. 535; (5) Comcast – a left wrist injury, *see id.* at PageID. 536; (6) Euro Paving – herniated discs and femur injury, *see id.* at PageID. 537; and (7) Sloan Petroleum Transport – ankle injury, *see id.*

Plaintiff Harry Zarycky also had a products liability lawsuit against the Miller Brewing Company, *see id.* at PageID. 534, while Plaintiff and his wife,

8

Plaintiff Natalia Zarycky, have filed for Chapter 7 bankruptcy, *see id.* at PageID. 537-38; *see also* ECF No. 36 at PageID. 513 ("During the course of discovery, Plaintiff has disclosed . . . he and his wife's prior Chapter 7 bankruptcy.").

Plaintiffs argue that they would suffer unfair prejudice from presenting the jury with such evidence, reference, or argument as the prejudice substantially outweighs any marginal probative value that their litigation history may have. (*See* ECF No. 36 at PageID. 516.)

Defendant does not oppose the relief sought. (*See* ECF No. 38 at PageID. 652-53.) Defendant requests only to: (1) preserve its right to impeach Plaintiffs on cross-examination in the event Plaintiffs testify that they do not have a history of litigation; and (2) if there are references to Plaintiff Harry Zarycky's past workers' compensation claims or lawsuits during the testimony of Plaintiff's treating physician or Dr. Druoillard, those references be allowed to be in context. (*See id.* at PageID. 653.)

With respect to Defendant's first request, they seek to preserve their right to cross-examine Plaintiffs if they were to "somehow 'open' the proverbial 'door' to the relevanc[y] of such evidence." (*Id.*) "Under the rule of curative admissibility or the 'opening the door' doctrine, the introduction of inadmissible evidence by one party opens the door for an opponent to introduce evidence on the same issue to rebut any false impression that was given." *Elledge v. Bacharach Instrument Co.,*

Nos. 91–1931, 91–1952, 1992 WL 205662, at *3 (6th Cir. Aug. 25, 1992) (citing *United States v. Whitworth*, 856 F.2d 1268, 1285 (9th Cir. 1988), *cert. denied*, 489 U.S. 1084, 109 S. Ct. 1541 (1989)). Therefore, admissibility will be based on Plaintiffs' testimony at trial, and whether they 'open the door,' to allow Defendant to inquire about their litigation history.

With respect to Defendant's second request, allowing Plaintiffs' litigation history to be referenced as part of his overall medical history, the Court will allow these references as it could be relevant to the testimony of either the treating physician or Dr. Drouillard, as they detail their review of Plaintiff's medical history, which would include review of files produced for litigation. For example, Plaintiff Harry Zarycky declined to answer questions related to his medical history at his Insurance Medical Examination, therefore Dr. Drouillard had to review notes regarding Plaintiff's Family Medical Leave application, Plaintiff's 102-page deposition in this matter, as well as other information that could have been produced from workers' compensation claims or other litigation. (*See* ECF No. 35-1 at PageID. 501-04.) As a result, these materials can be referenced through the physicians' testimony. Thus, Plaintiffs' motion in limine to preclude testimony of their litigation history is granted in part.

**V. Order**

Accordingly,

**IT IS ORDERED**, that Plaintiffs' "Motion in Limine to Preclude Introduction of Defendant's Insurance Medical Examination Report ("IME Report")" (ECF No. 35) is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' "Motion in Limine to Preclude Reference to Harry Zarycky's Prior Lawsuits and Claims Including Plaintiffs' Prior Bankruptcy" (ECF No. 36) is **GRANTED** in part.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 22, 2024

11